Andrew P Altholz, (SBN 152713);
Attorney at Law
100 Wilshire Boulevard Suite 950
Santa Monica California 90401-1145
Phone  (310) 451-0789
Fax:  (310) 821-4905 Fax
Email:  andrewpaltholz@msn.com

Attorneys for Plaintiff
Saad Eldin M Fathi

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGLES DIVISION

| | |
|---|---|
| In Re Saad Eldin M Fathi,<br><br>Debtor,<br><br>Saad Eldin M Fathi<br><br>Plaintiff,<br><br>vs.<br><br>Wilmington Savings Fund FSB not in its individual capacity but solely as Trustee of The Primestar-H Fund I Trust; Does 1 to 5;<br><br>Defendants | CASE NO.: 2:13-bk-38741-ER<br><br>AP NO.:<br><br>Chapter 11<br><br>COMPLAINT:<br><br>(1) TO IMPOSE A STAY OR INJUNCTION UNDER THE COURT'S EQUITABLE POWER, 11 USC SECTION 105 (a) TO PRECLUDE DEFNDANTS FROM CONDUCTING A FORECLOSURE SALE OF 4424 HIGHLAND DRIVE CARLSBAD CA 92008 [ FRBP 7007 (7) and 7065] |

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Saad Eldin M Fathi allegeS the following adversary Complaint:

JURISDICTION, VENUE AND PARTIES

1. Plaintiff Saad Eldin M Fathi is a Chapter 11 Debtor in Possession, in the above case, pending before this United States Bankruptcy Court in the Central District of California, Los Angeles Division, and as such, venue is properly before this Court under 28 USC Section 1409(a), and Plaintiff has standing under

-1-

Bankruptcy Rule of Procedure 7017, to assert the claims set forth below, to seek a stay or injunction under the Court's equitable power, 11 USC Section 105 (a), to preclude Defendants from seeking to conduct a foreclosure sale as to 4424 Highland Drive Carlsbad CA 92008 ("Property") to prevent irreparable harm to Mr. Fathi and to prevent his claims from becoming moot by precluding sale of the Property per Bankruptcy Rules of Procedure 7007(7) and 7065 to protect a substantial asset of his chapter 11 Estate, a thirty-three percent (33%) interest in the Property.

2. This claim is a core proceeding. This Court has jurisdiction pursuant to 28 USC Section 157(b)(2)(B) and or 157(b)(1), and or 157(b)(5) and or 157 (2)(c) and or 1334 (b), as to 11 USC Section 105(a).  Plaintiff consents to this Court entering a final order or judgment, per FRBP 7008(a) as to all core proceedings and all non core proceedings and or requests referral to the District Court as this Court deems appropriate.

3. Defendant Wilmington Savings Fund FSB not in its individual capacity but solely as Trustee of The Primestar-H Fund I Trust ("Wilmington") is the assignee of the First Deed of Trust on the Property and is seeking to exercise its rights under California law to foreclose on the Property under the First Deed of Trust.

4. The true names of Defendants Does 1 to 5 are unknown to Plaintiff and Plaintiff will seek leave of Court to name them after the same has been ascertained.

5. Plaintiff is informed and believes each named Defendant and Does 1 to 5 were the agents or employees of the other Defendants, acting within the course and scope of their agency, employment or joint ventures, or their capacity is unknown or they claim some interest in the Property.

///

COMMON FACTUAL ALLEGATIONS

6. On March 25, 2014, the Court entered an Order [docket 28] ("Order"), granting the motion for relief from stay under 11 USC section 362 in favor of Wilmington as to the Property [docket 19] ("Motion"), waiving the 14 day post motion time period.

7. As such, the automatic stay terminated immediately as a matter of law, and as a matter of law, the automatic stay cannot be re-instated, but a stay or injunction pursuant to the Court's equitable powers, 11 USC Section 105 may be imposed.

8. Plaintiff has filed an appeal of the Order and a Motion for Reconsideration of the Order, concurrently with the filing of this adversary complaint, which Motion for Reconsideration seeks the imposition of a stay or injunction by an OSC on a TRO or preliminary injunction, pursuant to this adversary complaint, under the Court's equitable power, 11 USC Section 105(a), based on new evidence and or relief under Rules of Bankruptcy Procedure 9023/24. Said Notice of Appeal and Motion for Reconsideration of the Order and for other relief, are incorporated herein by this reference as if fully set forth.

FIRST CLAIM

FOR A STAY OR INJIUNCTION

AGAINST WILMINGTON & DOES 1 to 5

9. Plaintiffs incorporate the allegations of paragraphs 1 to 8.

10. Pursuant to 11 USC Section 105 (a) and Bankruptcy Rules of Procedure 7007(7) and 7065, the Court should enjoin Wilmington and any of its employees and agents, including its agents: Servicer Statebridge Company and its agent the Foreclosure Trustee under the First Deed of Trust, Cal-Western Reconveyance Corporation, by Ordering a stay or injunction to preclude the sale of the Property to maintain the status quo, while the underlying Chapter 11 case is pending, pending a favorable ruling as to the Motion for Reconsideration or

-3-

pending appeal, based on the evidence presented with Said Motion for Reconsideration and other relief.

11. There is a substantial likelihood of success on the merits given the new evidence and or relief under Bankruptcy Rules of Procedure 9023/24, detailed in the Motion for Reconsideration, supported by evidence showing that the Property has a substantial fair market value, higher than the value determined by the Order, that the value of the Property is not declining, but rather increasing, that the secured debt against the Property claimed by Wilmington, in the **Real Property Declaration executed by David McDonnell, Managing Director of Statebridge Company, servicer for Wilmington, as to the Property, pages 6,7,8 of Wilmington's Motion [Docket 19] contained apparently incorrect testimony of a total indebtedness of $1,769578.58,** which appears to have been materially overstated as set forth in the Motion for Reconsideration, that there is at least a 23% equity cushion in the Property and possibly a 28% equity cushion, and the property produces a significant and substantial income stream, which is needed to fund a reorganization plan.

12. The foreclosure sale of the Property, in light of the above factors, would cause irreparable harm to Mr. Fathi. The harm to Mr. Fathi outweighs any harm to Wilmington, which could receive adequate protection payments from the substantial rental and contribution income on deposit in the DIP account for the Property and injunctive relief would serve the public interest.

WHEREFORE, Plaintiff prays for:

1. A stay or injunction precluding sale of the Property by Defendants or their agents.
2. Plaintiff's costs of litigation;

///

-4-

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted

DATED: April 4, 2014

By: _____
ANDREW P. ALTHOLZ
Attorney for Plaintiff
Saad Eldin M Fathi

FORM B104 (08/07)                                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Saad Eldin M Fathi | **DEFENDANTS**<br>Wilmington Savings Fund FSB not in its individual capacity but solely as Trustee of The Primestar-H Fund I Trust; Does 1 to 5 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Andrew P. Altholz Attorney at Law 100 Wilshire Blvd Ste 940 Santa Monica CA 90401-1113 | **ATTORNEYS** (If Known)<br>LAW OFFICES OF LES ZIEVE<br>Brian H Tran Esq., Leslie M Klott, Esq., 30 Corporate Park Ste 450 Irvine CA 92606 |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) TO IMPOSE A STAY OR INJUNCTION UNDER THE COURT'S EQUITABLE POWER, 11 USC SECTION 105 (a)
TO PRECLUDE DEFNDANTS FROM CONDUCTING A FORECLOSURE SALE OF 4424 HIGHLAND DRIVE CARLSBAD CA 92008
[ FRBP 7007

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
[1] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
.

FORM B104 (08/07), page 2            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> Saad Eldin M Fathi | **BANKRUPTCY CASE NO.** <br> 2:13-bk-38741 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Los Angeles     **NAME OF JUDGE** <br> ER |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| *[signature]* ||
| **DATE** <br> 4/4/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Andrew P. Altholz |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.