

**FILED & ENTERED**

**JUN 25 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Saad Eldin M Fathi,<br>               Debtor. | Case No.:  2:13-bk-38741-ER<br>Chapter:    11 |
| Saad Eldin M Fathi,<br>          Plaintiff,<br>v.<br>Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust,<br>          Defendant. | Adv. No.:  2:14-ap-01196-ER<br><br>**ORDER DISMISSING ADVERSARY PROCEEDING WITHOUT PREJUDICE**<br><br>Date:       June 17, 2014<br>Time:      10:00 a.m.<br><br>Location: Courtroom 1568<br>              Roybal Federal Building<br>              255 East Temple Street<br>              Los Angeles, CA 90012 |

   For the reasons set forth in the Court's Final Ruling, attached below (and appearing on the docket as Doc. No. 17), the above-captioned adversary proceeding is DISMISSED without prejudice.

IT IS SO ORDERED.

###

Date: June 25, 2014

Ernest M. Robles
United States Bankruptcy Judge

# Final Ruling

As Plaintiff has requested dismissal of the Complaint prior to Defendant's answer, the only issue is whether the dismissal should be with or without prejudice.[1] Defendant seeks dismissal with prejudice, but has failed to cite any authority justifying this extraordinary remedy. Accordingly, the Complaint will be dismissed without prejudice.

Plaintiff's Complaint seeks an injunction preventing Defendants from foreclosing upon real property located at 4424 Highland Drive, Carlsbad, CA 92008 (the "Property"). Plaintiff filed the Complaint concurrently with a Motion to Reconsider the Court's order granting Defendants relief from stay as to the Property. [D.E. 37, Case No. 2:13-bk-38741-ER.] The Court subsequently denied the Motion to Reconsider. Debtor-Plaintiff appealed the order granting relief from stay and the denial of the Motion to Reconsideration to the Bankruptcy Appellate Panel. D.E. 36. Plaintiff subsequently filed a motion and proposed order requesting dismissal of the Complaint without prejudice.

Dismissal with prejudice would prevent Plaintiff from filing a second complaint seeking injunctive relief in the event the Court's order granting relief from stay is reversed on appeal. Were the lift-stay order reversed, such an amended complaint would allege sufficient facts under a cognizable legal theory to survive a motion to dismiss. Dismissal with prejudice at this juncture would be premature, as it would forever bar the filing of such a complaint.

Furthermore, dismissal with prejudice is "strong medicine, not casually to be dispensed," *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 47 (1st Cir. 2002), and is justified only under "extraordinary circumstances," *Cafasso, U.S. ex rel. v. General Dynamics*, 637 F.3d 1047, 1059 (9th Cir. 2011). As Defendant has cited no authority supporting this extraordinary remedy,[2] the dismissal will be without prejudice.

---

[1] Fed. R. Civ. P. 41(a)(1)(A), made applicable to these proceedings by Fed. R. Bankr. P. 7041, provides that Plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Unless the notice provides otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Plaintiff filed a document styled Plaintiff's Request to Dismiss Adversary Complaint and Action Without Prejudice [FRBP 7041] and lodged a proposed order thereon. *See* D.E. 14-15. The Court construes these filings as a notice of dismissal. *See Williams v. Clarke*, 82 F.3d 270 (8th Cir. 1996) (although plaintiff's first motion to dismiss sought permission of the court, the court properly construed it as a notice of voluntary dismissal).

[2] Defendant cites legal authorities supporting dismissal of the action, but those authorities provide no support for Defendant's additional contention that the Complaint should be dismissed *with prejudice*.